No. 1823.—R. W. ADAMS & Co., in liquidation, *v.* W. A. GORDON and J. C. DENIS.

A party who indorses a note as surety is not entitled to notice of dishonor by the principal.
The surety is entitled to have the property of his principal discussed before proceeding against him, if he furnish a sufficient amount of money to pay costs of proceedings.

APPEAL from the Fifth District Court of New Orleans. *Leaumont,* J. B. *Egan,* for plaintiffs and appellees. *C. T. Bemiss,* for defendants and appellants.

TALIAFERRO, J. The defendants are sued as sureties of P. Chew on two promissory notes, each for $333 33, dated first January, 1866, due one year after date, with six per cent. interest from date until due, and eight per cent. after maturity until paid.

The answer admitted the indorsement of the notes, but alleged that no demand of payment of the notes had been made at the place of payment; that there was no protest, nor notice of protest, nor notice to defendants of non-payment. The defendants answered further that if bound as sureties, they then plead discussion, and point out a tract of land belonging to Chew, situated in the parish of Tensas, in this State, which land, they aver, was mortgaged by him to secure the notes sued upon, together with others, and may be proceeded against by order of seizure and sale. They further tendered the sum of thirty dollars to pay costs of the discussion.

There was judgment for the plaintiff for the amount of the notes, with the right reserved to the defendants to require that the judgment be first enforced against the property of the principal on condition that they, within ten days from the rendition of the judgment, deposit two hundred dollars, less the thirty dollars already furnished, to pay the costs of discussion. From this judgment the defendants have appealed.

There was no necessity for a protest and notice. The obligation of the defendants is that of sureties. We see no error in the judgment. The right of discussion was allowed the defendants on condition of their furnishing a sum of money sufficient in amount to pay costs of proceedings in discussion. In the opinion of the court *a qua*, the thirty dollars tendered was quite inadequate for the purpose, in which opinion we concur. The plaintiff asks damages for a frivolous appeal; but we are not inclined in this case to award damages. The defendants may have been in error as to the amount necessary to discharge the cost. They seem to have aimed to comply with the law. Civil Code, articles 3014, 3015, 3016.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.

Chief Justice Ludeling and Justice Wyly absent.